UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL ANTHONY JONES, | Case No. 2:23-cv-00793-RFB-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| JAMES DZURENDA, *et al.*, | |
| Defendants. | |

Before the Court is Defendants' Motion to Dismiss. For the following reasons, the motion is granted.

### I.   PROCEDURAL HISTORY

On May 19, 2023, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis.* ECF No. 1. On September 13, 2023, the Court issued a Screening Order differing ruling on Plaintiff's *in forma pauperis* application, dismissing Defendants Prison Director Dzurenda, Warden Najera, Caseworker Cromwell, and Warden Hutchings without prejudice, and staying the action for 90 days. ECF No. 4. On September 14, 2023, Plaintiff filed a Complaint alleging Fourteenth Amendment procedural due process violations. ECF No. 5.

On February 20, 2024, an Early Mediation Conference was held. A settlement was not reached, and the case returned to the normal litigation track. ECF No. 9. On April 18, 2024, Defendant Linford filed a Motion to Dismiss. ECF No 12. On April 25, 2024, Defendant Linford filed a Motion to Stay Discovery pending resolution of Defendant's Motion to Dismiss. ECF No. 14. On May 16, 2024, Magistrate Judge Brenda Weksler granted Defendant's Motion to Stay Discovery. ECF No. 15. On May 23, 2024, Plaintiff responded to Defendant's Motion to Dismiss. ECF No. 16. On May 30, 2024, Defendant's replied. ECF No. 17.

On January 15, 2025, the Court set a Motion Hearing for January 23, 2025. ECF No. 21.

Plaintiff failed to appear at the hearing.

The Court's Order follows.

## II.     FACTUAL ALLEGATIONS

The court summarizes the facts alleged in Plaintiff's Complaint that are relevant to the pending motion. On January 13, 2022, Plaintiff was informed by a unit officer that he was reassigned from a cell to a dormitory housing unit. Plaintiff informed the unit officer that mental health issues made it difficult for Plaintiff to live in a dormitory unit. The unit officer instructed Plaintiff to discuss the issue with the Southern Dessert Correctional Center ("SDCC") psychologist, and Plaintiff's caseworker. Subsequently, Plaintiff was instructed by his caseworker to write an inmate request detailing his grievance. Plaintiff complied and submitted an inmate request, asking that he be placed in a cell due to his history of mental health challenges. Later, when a unit officer asked Plaintiff if he was ready to move, Plaintiff informed the officer that he was waiting for a response from his caseworker regarding his request to be moved into a cell.

On January 14, 2022, Plaintiff was informed by a unit officer that he had been fired from his job due to a pending write-up related to Plaintiff's alleged refusal to comply with SDCC orders. On January 19, 2022, Plaintiff was served a notice of charges regarding his refusal to move to the dormitory housing unit. At a preliminary hearing, Plaintiff pled "not guilty" to the charges, and requested to call the SDCC psychologist and his caseworker as witnesses at the disciplinary hearing because they were aware of Plaintiff's mental health history.

On January 26, 2022, Plaintiff's disciplinary hearing was held. At the hearing, Defendant, Linford stated that he had made an unsuccessful attempt to contact the SDCC psychologist, and checked the NOTIS electronic records which did not contain information regarding Plaintiff's mental health history. Subsequently, Plaintiff was found guilty of refusing to move to a dormitory housing unit. Plaintiff was advised that he could appeal the decision through the grievance process and the following sanctions were imposed: "Stat loss referral" of 15 days; "loss of canteen privileges" for 30 days; and "loss of phone privileges" for 30 days. Plaintiff filed a grievance challenging the procedural processes and outcome of the disciplinary hearing. On April 1, 2022, Plaintiff received a grievance response partially granting his grievance. Subsequently, the "Stat

loss referral" of 15 days, included in the original disciplinary sanctions against Plaintiff was removed. Plaintiff alleges that his Fourteenth Amendment due process rights were violated when the witnesses he identified were not present to testify regarding his mental health history at the disciplinary hearing.

### III. LEGAL STANDARD

#### A. Motion to Dismiss

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. APT Sec. Services, Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation of the elements of a cause of action. . . ." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Id. at 678 (internal quotation and citation omitted). The Ninth Circuit, in elaborating on the pleading standard described in Twombly and Iqbal, has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

### IV. DISCUSSION

Plaintiff's Complaint alleges that Defendants violated his Fourteenth Amendment due process rights by not allowing Plaintiff's witness to testify at a disciplinary hearing that resulted in the loss of canteen privileges, prison employment, phone privileges and good time credit. Defendants argue that Plaintiff's Complaint should be dismissed for failure to allege a liberty

interest and failure to state a claim upon which relief can be granted.

To state a Fourteenth Amendment due process claim, a plaintiff must adequately allege that he was denied a specified liberty interest and that he was deprived of that liberty interest without the constitutionally required procedures. Swarthout v. Cooke, 562 U.S. 216, 219, 131 S. Ct. 859, 178 L.Ed. 2d 732 (2011). The Ninth Circuit has held that there is no constitutional right to canteen items. Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996). In Davis v. Small, the Ninth Circuit held "the Due Process Clause itself does not give rise to a protected liberty interest in a paying prison job, … or particular phone and yard privileges." 595 Fed. Appx. 689, 691. Thus, Plaintiff was not deprived of his Fourteenth Amendment Due Process rights when sanctions were imposed on his canteen, employment, and phone privileges.

Where a prison disciplinary hearing may result in the loss of good time credits, the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 454. The Plaintiff initially lost good time credit as a result of his disciplinary hearing, and such loss could have served as a liberty interest upon which to base his claim. However, upon appeal of the results of the disciplinary hearing, the NDOC restored his loss of good time. Consequently, Plaintiff has no recognized liberty interest upon which to base his claim. His Due Process claim is therefore dismissed. Sandin v Conner, 515 U.S. 472 (1995).

## V. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion to Dismiss (ECF No. 12) is **GRANTED** and Plaintiff's Complaint is **DISMISSED** with prejudice.

**DATED:** March 27, 2025.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**